UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIO ALBERTO GARCIA-BALDERAS | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-266 |
| | § | Criminal Case No. 7:14-cr-1408 |
| UNITED STATES OF AMERICA | § | |

## OPINION AND ORDER

Pending before the Court is a motion for 28 U.S.C. § 2255 relief filed by Mario Alberto Garcia Balderas ("Petitioner"). After considering the motion and applicable law, the motion is DISMISSED.

I.     Procedural History and Relevant Facts

In September 2014, Petitioner was indicted on one count of being an alien in possession of a firearm and one count of being a felon in possession of a firearm.[1] A jury subsequently convicted Petitioner of both counts.[2] Petitioner was thereafter sentenced to ten years imprisonment as to each count, to run concurrently.[3] On appeal, the Fifth Circuit vacated and remanded with instructions that one of the convictions be vacated and that Petitioner be resentenced as to the remaining count.[4] The trial court did so vacating the alien in possession count.[5] Petitioner was then resentenced to ten years imprisonment on the felon in possession count.[6] Petitioner did not appeal but did timely file this § 2255 motion.

II.     Discussion

Under Title 28, United States Code, Section 2255 a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."[7] Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."[8]

---

[1] Criminal Case No. 7:14-cr-1408, Dkt. No. 1 (Docket references hereafter are to the criminal case.)
[2] Dkt. No. 34.
[3] Dkt. No. 60.
[4] Dkt. No. 86.
[5] Dkt. No. 93.
[6] Dkt. No 94.
[7] 28 U.S.C. § 2255.
[8] *Id.*

However, the Supreme Court has emphasized repeatedly that a "collateral challenge may not do service for an appeal."[9] A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude.[10] Additionally, when a defendant raises an issue for the first time on collateral review he must show both "cause" for his procedural default, and "actual prejudice" resulting from the error.[11] The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal."[12] The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.[13] Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions.[14]

Here, Petitioner seeks relief based on two recent Supreme Court decisions. He first cites to *Dean v. United States*[15] in which the Supreme Court held that the requirement that a mandatory minimum sentence be imposed in addition to the predicate offense did not "prevent[] a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."[16] As additional support, Petitioner cites *Puerto Rico v. Sanchez Valle*[17] in which the Supreme Court affirmed the dismissal of a Puerto Rican indictment on charges which had also been pursued by the federal government. The Supreme Court held that "[b]ecause the ultimate source of Puerto Rico's prosecutorial power is the Federal Government . . . the Commonwealth and the United States are not separate sovereigns. That means the two governments cannot "twice put" respondents [] 'in jeopardy' for the 'same offence.'"[18] For multiple reasons, neither case provides Petitioner any relief.

The Court addresses two of those reasons which are dispositive. First, both cases upon which Petitioner relies were decided on direct appeal and there is no indication that they are retroactive. Second, Petitioner does not fall within the holding of either case. Although initially convicted and sentenced on two separate counts, one of those counts was subsequently vacated. Petitioner now stands convicted of one count only. Thus, Petitioner is now serving one sentence only. There was no mandatory minimum sentence to be imposed in addition to a sentence for a predicate offense and there is no double jeopardy.

---

[9] *United States v. Frady*, 456 U.S. 152, 165 (1982).
[10] *Hill v. United States*, 368 U.S. 424, 428 (1962).
[11] *Frady*, 456 U.S. at 168.
[12] *United States v Guadet*, 81 F.3d 585 (5th 1996).
[13] *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992).
[14] *United States v. Webster*, 392 F.3d 787, 791 (5th Cir.2004).
[15] 137 S. Ct. 1170 (2017)
[16] *Id*. at 1178.
[17] 136 S. Ct. 1863 (2016).
[18] *Id*. at 1876–77.

III.     CONCLUSION

It is clear from the face of Petitioner's motion, as well as the record as it currently stands, that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is DISMISSED.  Additionally, should Petitioner seek a certificate of appealability, such is DENIED.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of October, 2017.

_____
Micaela Alvarez
United States District Judge